[Dkt. No. 56]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**Camden Vicinage**

_____
                                       :
UNITED STATES OF AMERICA,    :
                                       :
            v.                     : Crim. No. 16-110 (RMB)
                                       :
MICHAEL FANELLI            :    OPINION
_____:

   This matter comes before the Court upon Defendant Michael

Fanelli's Motion for Reduction of Sentence pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(i).  Defendant Fanelli is currently serving his

sentence at Allenwood Medium Prison in Allenwood, Pennsylvania.

The Court having considered the parties' submissions, and for

the reasons discussed below, denies the Motion.

   In mid-2015, Defendant committed six-armed bank robberies

in South Jersey and Pennsylvania. On March 9, 2016, Defendant

pleaded guilty to six counts of bank robbery. In preparation for

sentencing, he submitted a letter to the Probation Office

apologizing for his actions. He avowed: "I will get help for

my addiction to ensure this behavior never happens again…. I

will do whatever it takes to maintain a healthy, productive life

again once I'm set free. My plans are to get professional

treatment for my addiction, be gainfully employed, get

married, and have a family." PSR ¶ 38.

1

With a total offense level of 27 and criminal history category of I, Defendant's advisory Guidelines range was 70 to 87 months. PSR ¶180. Taking into account Defendant's background and characteristics, namely his drug and alcohol abuse, gambling addiction, attempts at cooperation, contributions to the prison community while in pre-trial detention, and professed remorse, Defendant received "a huge break." The Court imposed a significant downward variance to 37 months of imprisonment, 33 months below the bottom of the advisory Guidelines range, followed by three years of supervised release on each of the six counts, to be served concurrently.

Defendant was released from prison and began his term of supervised release on May 29, 2018. Less than three months later, on August 7, 2018, Defendant traveled to Pennsylvania and robbed yet another bank while armed, wearing a hat, gloves, and fake beard. Defendant then led law enforcement on a car chase, culminating in an accident on the Schuylkill Expressway.

Defendant was charged with armed bank robbery in the Eastern District of Pennsylvania, pleaded guilty, and was sentenced on August 27, 2019 by the Honorable Joel H. Slomsky to 72 months of imprisonment and three years of supervised release.

On November 25, 2019, Defendant pleaded guilty before this Court to one count of a three-count supervised release violation, admitting that he had robbed another bank. On January

15, 2020, this Court sentenced Defendant to a 48-month sentence for his violation of supervised release to run consecutive to the sentence imposed by Judge Slomsky.

Defendant appealed the substantive reasonableness of the Court's 48-month sentence. On October 6, 2020, the Third Circuit affirmed the sentence in an unpublished opinion. The Third Circuit explained that "the [district] court reasonably compensated for its earlier leniency by imposing a stiffer sentence the second time around." *See United States v. Fanelli*, 824 Fed. App'x 130, 132 (3d Cir. 2020) (not precedential). The Third Circuit also specifically rejected Defendant's claims that the district court failed to give enough weight to his mental health and addictions:

> [The district] court specifically discussed his mental illnesses. It gave him "credit" for his good deeds. And it considered his need for drug and gambling treatment. But after Fanelli first got out of prison, he was offered drug treatment yet chose not to attend. Then he lied to the second sentencing court, falsely suggesting that he had never been offered treatment.

*Id.*

In support of his Motion here,[1] Defendant asserts that there is a lack of available treatment in FCI Allenwood for his

---

[1] On January 5, 2021, Defendant filed a "motion to vacate" in this Court. *See* Doc. 54. In this motion, Defendant sought "reconsideration" of his sentence so that Defendant could care for his family and so that he could be placed in a rehabilitation center to receive specialized treatment for a gambling addiction. On April 7, 2021, the Court ordered Defendant to clarify whether he was filing a § 2255 motion or a

gambling addiction – something he did not argue to Judge Slomsky in the Eastern District of Pennsylvania[2] – and that his family members need him to take care of them.

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the
> Bureau of Prisons, or upon motion of the defendant
> after the defendant has fully exhausted all
> administrative rights to appeal a failure of the
> Bureau of Prisons to bring a motion on the defendant's
> behalf or the lapse of 30 days from the receipt of
> such a request by the warden of the defendant's
> facility, whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of probation or
> supervised release with or without conditions that
> does not exceed the unserved portion of the original
> term of imprisonment), after considering the factors

motion under § 3582(c)(1)(A)(i). On May 12, 2021, Defendant filed a letter clarifying that he wanted Doc. 54 characterized as a
motion under § 3582(c)(1)(A)(i).

[2] On October 26, 2020, Judge Slomsky denied Defendant's first compassionate motion for release under 18 U.S.C. § 3582(c)(1)(A)(i).  On April 12, 2021, Judge Slomsky denied Defendant's second compassionate motion for release under 18 U.S.C. § 3582(c)(1)(A)(i).

set forth in section 3553(a) to the extent that they
are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such
a reduction. . .

18 U.S.C. § 3582(c) (emphasis added).  As such, under
the FSA, a defendant seeking a reduction in his term
of imprisonment bears the burden of establishing both
that he has satisfied (1) the procedural prerequisites
for judicial review, and (2) that compelling and
extraordinary reasons exist to justify compassionate
release.

This Court may only grant a motion for reduction of
sentence under the FSA if it was filed "after the defendant has
fully exhausted all administrative rights to appeal a failure of
the Bureau of Prisons to bring a motion on the defendant's
behalf" or after 30 days have passed "from the receipt of such a
request by the warden of the defendant's facility, whichever is
earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v.
Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2,
2020), as revised (Apr. 8, 2020).  This is a statutory
requirement that this Court may not waive.  See, e.g., Raia,
2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d
Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

Here, Defendant asserts that he exhausted his
administrative remedies when he wrote the warden at FCI
Allenwood on April 22, 2021, "seeking relief according to
protocol under administrative remedies." *See* Doc. 56. The
Government contends that the BOP has no record of an April

request from Defendant for administrative relief. Defendant states in a few sentences that "back in October of 2020 the former Warden denied my application for relief on compassionate release.  On April 22nd Thursday I once again wrote the new Warden here at F.C.I. Allenwood seeking relief according to protocol under administrative remedies."  Dkt. 56, at 1.  Aside from Defendant's concluding allegation, and an exhibit that ends with the Warden advising that he may appeal through the Administrative Remedy Process, Docket 61-1, at 4, and that his motion was not one that requested compassionate release within the statute, Defendant did not provide additional facts or attach any exhibits showing that he, in fact, requested compassionate release from the Warden and thirty days had elapsed. The Motion is therefore denied for failure to exhaust his administrative remedies.

Alternatively, even assuming arguendo, that Defendant has satisfied the administrative exhaustion requirement, his Motion is denied on the merits because, similar to his other motions, he does not present any compelling and extraordinary reasons to justify compassionate release. Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce his term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if

the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The Defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[3]

---

[3] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. §

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  Second, the standard is met if the defendant is:

   (I)  suffering from a serious physical or medical condition,

  (II)  suffering from a serious functional or cognitive impairment, or

 (III) experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Id. § 1B1.13, cmt. n.1(A)(ii).  The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. Id. § 1B1.13, cmt. n.1(B)-(C).  The note recognizes the possibility that BOP could

3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

identify other grounds that amount to "extraordinary and compelling reasons." Id. § 1B1.13, cmt. n.1(D).

Here, Defendant does not identify an extraordinary and compelling reason for a sentence reduction. Defendant's alleged lack of necessary counseling in FCI Allenwood for his gambling addiction does not qualify as an extraordinary and compelling reason for a sentence reduction. Defendant does not claim that the gambling addiction is a terminal illness, or that the alleged lack of treatment for the addiction "substantially diminishes [his] ability . . . to provide self-care within the environment" of FCI Allenwood. See App. Note 1(A)(ii) to U.S.S.G. § 1B1.13; *United States v. DeSciscio*, 2020 WL 3893711, at *5 (D.N.J. July 10, 2020) (reasoning, in part, that Defendant failed to justify compassionate release because he did not claim he was suffering a terminal illness or that his condition substantially diminished his ability to provide self-care). Defendant does not indicate how the alleged lack of treatment for his gambling addiction impacts his ability to provide self-care in the prison environment. Though the addiction may be a serious mental health issue, "[m]any inmates suffer from pain and mental illness" that do not constitute extraordinary and compelling reasons for a sentence reduction. *See United States v. Polnitz,* 2020 WL 1139836, at *2 (E.D. Wis. Mar. 9, 2020) (concluding that the defendant's mental health issues,

9

including depression from his son's recent death, did not
constitute an extraordinary and compelling reason under the
First Step Act); *see also United States v. Williams*, 2021 WL
37536, at *5 n. 10 (D.N.J. Jan. 4, 2021) (concluding that a
defendant's mental health issues including PTSD and depression
did not constitute either extraordinary and compelling reasons
for release nor risk factors that placed the defendant at an
increased risk from COVID-19); *United States v. Hight*, 488 F.
Supp. 3d 184, 192 (E.D. Pa. 2020) (concluding that defendant's
anxiety was not an extraordinary and compelling reason
justifying release).

Defendant's alleged family circumstances also do not
qualify as an extraordinary and compelling reason for a sentence
reduction. District courts in the Third Circuit require
prisoners to show that the prisoner is the only available
caretaker for "a seriously ill relative" when seeking
compassionate release based on a need to take care of those
family members. *See United States v. Dunich-Kolb*, 2020 WL
6537386, at *8 (D.N.J. Nov. 5, 2020); *United States v. Irizzary*,
2021 WL 735779, at *7–8 (E.D. Pa. Feb. 25, 2021) (denying
prisoner's compassionate release based, in part, on alleged need
to take care of brother with cerebral palsy because the prisoner
did not show he was the only caregiver).

Moreover, Defendant has not established an "extraordinary and compelling reason" to reduce his sentence.  The Court finds that he has failed to demonstrate that he merits release under the § 3553(a) factors.  Under the applicable policy statement, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

A sentence reduction here would be inconsistent with the § 3553(a) factors.  First, a reduction would fail to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a). The defendant received a substantial break after having terrorized multiple victims on multiple dates through his armed bank robberies. Just months after his release from custody, he violated his conditions of supervised release with another armed bank robbery.

The "history and characteristics of the defendant" and the need to protect the public also counsel against any sentencing reduction.  As discussed, Defendant is a classic recidivist who has not learned that his anti-social behavior will not be tolerated. The sentence he is currently servicing reflects the seriousness of the crime, promotes respect for the law, and provides just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A).

Finally, the need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence for the same reasons.  In its final analysis, Defendant has not persuaded this Court that there is an extraordinary and compelling reason to reduce his sentence or that he merits release under the §3553(a) factors.

The Motion is therefore DENIED.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: April 28, 2022

12